O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#11/12**

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6939 PSG (AGR) | Date | November 16, 2010 |
|---|---|---|---|
| Title | Bassallo v. Indymac Mortgage Services, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Granting (1) Defendant's Motion to Dismiss; and (2) Motion to Expunge Lis Pendens

Pending before the Court are Defendant Indymac Mortgage Service's ("Defendant") Motions to Dismiss and to Expunge Lis Pendens. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court GRANTS both of Defendant's motions.

I.     Background

On March 9, 2007 *pro se* Plaintiff Jaime Bassallo ("Plaintiff") obtained a mortgage loan for $456,000.00 in order to purchase the real property located at 6937 Chimineas Avenue, Reseda California 91335 ("Property"). *Mot. to Expunge Lis Pendens* 1:15-17. The loan was secured by a deed of trust that identified Indy Mac Bank, F.S.B. as lender, Investors Title Insurance Company as trustee, Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, and Plaintiff as borrower. *Id.* 1:17-21. Thereafter, MERS assigned all beneficial interest under the deed of trust to Deutsche Bank National Trust Company ("Deutsche"), who then substituted in Quality Loan Service Corporation ("Quality") as successor trustee. *Id.* at 1:21-2:1. Defendant Indy Mac Servicing ("Defendant") acted as the loan servicer on behalf of Deutsche Bank. *Id.* 2:1-2. On December 4, 2009, due to Plaintiff's default on the loan, Quality filed a notice of default. *Id.* 2:3-4.

On August 13, 2010, Plaintiff filed a Complaint against Defendant for (1) Violation of California Civil Code § 2923.5, (2) Violation of the Truth in Lending Act, 15 U.S.C. 1601, *et seq.*, (3) Violation of California Financial Code § 4973, (4) Quiet Title, (5) Breach of Fiduciary

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11/12

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6939 PSG (AGR) | Date | November 16, 2010 |
|---|---|---|---|
| Title | Bassallo v. Indymac Mortgage Services, *et al.* | | |

Duty, (6) Negligent Misrepresentation, (7) Breach of Covenant of Good Faith and Fair Dealing, (8) Declaratory Relief, and (9) RICO violation. *Mot. to Expunge Lis Pendens* 2:8-15. On August 13, 2010 Plaintiff also recorded a Notice of Pendency of Action ("Lis Pendens") in the California Superior Court for Los Angeles County against title to the property. *Id.* at 2:10-11. On September 28, 2010, Defendant filed a motion to dismiss and a motion to expunge lis pendens. *Dkt. #* 11, 12. Plaintiff failed to file an opposition to either motion.

II.     Legal Standard

    A.     Motion to Dismiss

Local Rule 7-9 requires parties to file a timely opposition to motions. *See* L.R. 7-9. The Court construes Plaintiff's failure to oppose the motion as consent to the granting of the motion. *See* L.R. 7-12. Accordingly, the Court GRANTS Defendant's Motion to Dismiss.


    B.     Motion to Expunge Lis Pendens

Defendant also moves to expunge lis pendens under California Code of Civil Procedure § 405.32. California Code of Civil Procedure § 405.32 provides that a "court shall order that the notice [of pendency of action] be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Civ. Proc. § 405.32. Plaintiff has failed to establish by a preponderance of the evidence that he will likely succeed on the merits of his claims. *See Amalgamated Bank v. Superior Court*, 149 Cal. App. 4th 1003, 1012, 57 Cal. Rptr. 686 (2007) (noting that § 405.32 requires "a showing that [the party that recorded the lis pendens] is *likely to prevail on the merits*" (emphasis in original)). In fact, Plaintiff failed to file an opposition to the Defendant's motion to dismiss the complaint. Therefore, the Court GRANTS Defendant's motion to expunge lis pendens.

    C.     Request for Attorney's Fees

Defendant requests $2,525.00 in attorney's fees pursuant to California Code of Civil Procedure § 405.38, which confers fees in actions brought under California's Recording Notice and Expungement provisions. *See* Cal. Civ. Proc. § 405.38 ("The court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with

**O**

#11/12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6939 PSG (AGR) | Date | November 16, 2010 |
|---|---|---|---|
| Title | Bassallo v. Indymac Mortgage Services, *et al.* | | |

substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust.").

Under California Code of Civil Procedure § 405.31, a court "shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." Cal. Civ. Proc. § 405.31. Here, because Plaintiff's fifth, sixth, and ninth cause of actions (for breach of fiduciary duty, negligent misrepresentation, and violation of RICO, respectively) do not affect the title to, or right to possession of, real property, the Court finds that such claims are not proper grounds for maintaining the lis pendens. In the same vein, because Plaintiff failed to establish by a preponderance of the evidence the validity of the first through fourth, seventh, and eighth causes of action (for violation of California Civil Code § 2923.5, violation of the Truth in Lending Act, violation of California Financial Code § 4973, quiet title, breach of covenant of good faith and fair dealing, and declaratory relief, respectively), the Court further finds that expungement of the lis pendens is proper. *See* Cal Civ. Proc. § 405.32. Therefore, the Court concludes that Plaintiff did not act with substantial justification as would preclude attorney's fees under Section 405.38.

Further, upon review of defense counsel's declaration stating the amount of hours incurred in bringing this motion, the Court believes that an award of $880.00 in attorney's fees is reasonable. *See Chaffin Decl.* ¶ 3. The Court arrived at this sum in the following manner: (1) Chaffin spent 4.8 hours at a rate of $175.00 per hour preparing the Motion to Expunge Lis Pedens, and (2) Defendant spent $40.00 in motion costs. *Id.* However, the Court declines to award Mr. Chaffin the full amount requested because: (1) since Plaintiff failed to file an opposition to the Motion to Expunge, Defendant was not required to spend additional time preparing a reply brief; and (2) per the Court's order on November 4, 2010, appearance by Defendant's counsel was not necessary at a hearing. Thus, Defendant's request for attorney's fees is GRANTED, albeit in a reduced amount of $880.00.

IV.   Conclusion

Based on the foregoing, the Court:

1.   GRANTS Defendant Indymac Mortgage Services' Motion to Dismiss with prejudice Plaintiff Basallo's Complaint;

2.   GRANTS Defendant's Motion to Expunge Notice of Action Pending (Lis Pendens); and

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#11/12**

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-6939 PSG (AGR) | Date | November 16, 2010 |
|---|---|---|---|
| Title | Bassallo v. Indymac Mortgage Services, *et al.* | | |

3. GRANTS Defendant's request for attorney's fees but reduces the amount to $880.00.

**IT IS SO ORDERED.**